UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

The People of the State of New York,

                              *Plaintiff*,

              – against –

Koran Chambers,

                              *Defendant.*

**ORDER**
24-CV-00641 (NCM) (JRC)

**NATASHA C. MERLE,** United States District Judge:

Mr. Chambers is currently facing criminal charges in the New York State Supreme Court, Queens County, for, among other things, firearm possession. Mr. Chambers claims that his constitutional rights were violated during the state court proceeding because he was forbidden from testifying before the grand jury and filing motions without court permission. On February 9, 2024, on this basis and others, Mr. Chambers requested from this Court a restraining order staying the state court proceeding.

Mr. Chambers has not made the requisite showing for a temporary restraining order. "[T]he traditional standards which govern consideration of an application for a temporary restraining order . . . are the same standards as those which govern a preliminary injunction . . . ." *Loc. 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1228 (2d Cir. 1992). The movant must show "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships

tipping decidedly toward the party requesting the preliminary relief." *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).

Mr. Chambers has shown neither (1) likelihood of success on the merits, nor (2) sufficiently serious questions going to the merits to make them a fair ground for litigation. Most notably, this is because federal courts must abstain from enjoining ongoing state court criminal proceedings absent specific, narrowly-defined circumstances. *Younger v. Harris*, 401 U.S. 37, 40–41 (1971); *see also Baker v. Sup. Ct. for N. Y.*, 2012 WL 4739438, at *2 (E.D.N.Y. Oct. 3, 2012) (explaining that the *Younger* doctrine presumes that a state proceeding provides a sufficient forum for federal constitutional claims). Special circumstances under *Younger* include bad faith, harassment, and irreparable injury that is both serious and immediate. *Pathways, Inc. v. Dunne*, 329 F.3d 108, 113–14 (2d Cir. 2003); *Griggs v. Crim. Ct. of City of N.Y.*, 2021 WL 1535056, at *5 (S.D.N.Y. Apr. 19, 2021). Mr. Chambers' allegations do not suggest that a *Younger* exception applies here. *See, e.g.*, *Kern v. Clark*, 331 F.3d 9, 11–12 (2d Cir. 2003) (explaining that the "bad faith" exception does not apply without evidence that a state prosecution was brought with subjective bad faith); *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 199 (2d Cir. 2002) ("[T]o invoke the bad faith exception, 'the party bringing the state action must have no reasonable expectation of obtaining a favorable outcome' . . . A state proceeding that is legitimate in its purposes, but unconstitutional in its execution—even when the violations of constitutional rights are egregious—will not warrant the application of the bad faith exception."). *See also Younger*, 401 U.S. at 46 (explaining that the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution does not constitute "irreparable injury").

Mr. Chambers has thus failed to meet the standard for a temporary restraining order or preliminary injunction. Accordingly, his request for relief before this Court is denied. The Clerk of Court is directed to mail a copy of this Order to Mr. Chambers at his address of record.

**SO ORDERED.**

_/s/ Natasha C. Merle
NATASHA C. MERLE
United States District Judge

Dated:      February 15, 2024
            Brooklyn, New York