UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

THE PEOPLE OF THE STATE OF NEW YORK,

*Plaintiff,*

– against –

KORAN CHAMBERS,

*Defendant.*

**ORDER**
24-cv-00641 (NCM) (JRC)

---

**NATASHA C. MERLE**, United States District Judge:

On February 15, 2024, the Court issued an Order denying defendant's motion for a temporary restraining order ("TRO Motion") staying his state criminal proceeding. On February 27, 2024, defendant moved the Court to reconsider its denial.[1] For the reasons below, the motion for reconsideration is DENIED.

A motion for reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial

---

[1] On March 22, 2024, defendant also filed an interlocutory appeal of this Court's February 15 order. *See* Notice of Interlocutory Appeal, ECF No. 6. On April 18, 2024, the Second Circuit informed defendant that his appeal was stayed pursuant to Fed. R. App. P. ("FRAP") 4(a)(4), pending resolution of his motion for reconsideration. *See Coventry Cap. US LLC v. EEA Life Settlements, Inc.*, 357 F. Supp. 3d 294, 297 (S.D.N.Y. 2019) (applying FRAP 4(a)(4) to a motion to reconsider denial of a preliminary injunction). Where, as here, a notice of appeal is filed while a timely filed motion for reconsideration is pending, the trial court retains jurisdiction over the post-judgment motion, and the notice of appeal does not become effective until entry of an order disposing of the motion. *See* FRAP 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order . . . when the order disposing of the last such remaining motion is entered.").

resources," *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011),[2] and "can be granted 'only upon a showing of exceptional circumstances,'" *Kubicek v. Westchester Cnty.*, No. 08-cv-372, 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986)). Reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the Court overlooked. *Sacerdote v. New York Univ.*, 9 F.4th 95, 118 n.94 (2d Cir. 2021). To merit reconsideration, overlooked matters must "reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Whether or not to grant a motion for reconsideration is within the sound discretion of the district court. *Markel Am. Ins. Co. v. Linhart*, No. 11-cv-5094, 2012 WL 5879107, at *2 (E.D.N.Y. Nov. 16, 2012).

The Court denied defendant's TRO Motion "because federal courts must abstain from enjoining ongoing state court criminal proceedings absent specific, narrowly-defined circumstances." Order 2, ECF No. 5 (citing *Younger v. Harris*, 401 U.S. 37, 40–41 (1971)). The Court found that defendant's allegations did not suggest any applicable exceptions to *Younger*'s abstention requirement, emphasizing that even a state proceeding "legitimate in its purposes, but unconstitutional in its execution . . . will not warrant the application of [*Younger*'s] bad faith exception." *See id.* (quoting *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 199 (2d Cir. 2002)); *see also Baker v. Sup. Ct. for N.Y.*, No. 12-cv-4750, 2012 WL 4739438, at *2 (E.D.N.Y. Oct. 3, 2012) (explaining that *Younger* doctrine presumes that a state proceeding provides a sufficient forum for federal constitutional claims).

---

[2]   Throughout this Opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

In his Notice of Motion for Reargument ("Reargument Mot."), *see* ECF No. 6, and its supporting affidavit, *see* Affidavit in Support of Motion for Reargument ("Reargument Aff."), ECF No. 6-1, defendant raises no "controlling decisions or data that the Court overlooked" that would lead it to reconsider denial of the TRO. *Sacerdote*, 9 F.4th at 118 n.94. Instead, defendant restates various arguments supporting his conclusion that New York "has no lawful authority whatsoever to prosecute" him. *See* Def.'s May 6 Letter ("5/6 Letter"), ECF No. 10.

Primarily, these arguments are that: he was subject to an illegal stop and search, in violation of his Fourth Amendment rights, *see* Reargument Aff. ¶ 6–8; he was deprived of a preliminary hearing in violation of New York law, *see id.* ¶ 9; his defense counsel improperly waived his ability to appear before the grand jury, *see id.* ¶ 10; accordingly, he received ineffective assistance of counsel, in violation of his Sixth Amendment rights, *see id.* ¶ 11; his indictment was "jurisdictionally defective on its face," *see id.* ¶ 12; and by allowing his state criminal proceeding to proceed, this Court condones his possible incarceration "in violation of the 13th Amendment," *see id.*

These arguments, which were also raised in defendant's TRO Motion, offer no "intervening change of controlling law" or new evidence suggesting that *Younger*'s bad faith exception applies. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1995). Because it is "well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues . . . or otherwise taking a second bite at the apple," defendant is not entitled to reconsideration. *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up).

Accordingly, Mr. Chambers' motion for reconsideration is **DENIED**.

**SO ORDERED.**

                                                      _/s/ Natasha C. Merle_
                                                      NATASHA C. MERLE
                                                      United States District Judge

Dated:      May 16, 2024
              Brooklyn, New York