UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK,

*Plaintiff*,

– against –

KORAN CHAMBERS,

*Defendant*.

**MEMORANDUM & ORDER**
24-cv-00641 (NCM) (JRC)

**NATASHA C. MERLE**, United States District Judge:

Defendant Koran Chambers, appearing *pro se*, filed an Amended Notice of Removal (the "Notice"), ECF No. 4, seeking to remove his pending criminal action in the Criminal Court of the City of New York, Queens County, Ind. No. 73253/2022—for two counts of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and two vehicle-related charges—to this Court.[1] The charges

---

[1]      On February 2, 2024, defendant removed his case to this Court. *See* First Notice of Removal, ECF No. 1. A week later, he filed his Amended Notice, accompanied by an application for a temporary restraining order ("TRO"). *See generally* Notice; Notice of Mot. for Restraining Order, ECF No. 4-2. Soon after the Court denied that request, defendant filed a motion for reconsideration and subsequently appealed this Court's TRO denial to the Second Circuit. *See* TRO Order, ECF No. 5; Mot. for Reconsideration. ECF No. 6, et seq.; Notice of Interlocutory App., ECF No. 8. The Second Circuit dismissed defendant's appeal on the basis that "denial of a TRO is ordinarily not appealable." Mandate as to Notice of Interlocutory App., ECF No. 12 (citing *Uniformed Fire Officers Ass'n v. de Blasio*, 973 F.3d 41, 46 (2d Cir. 2020)).

stem from events alleged to have occurred on October 19 or 21, 2022,[2] in the vicinity of 190th Street and Linden Boulevard in Queens County. Defendant has paid the required filing fee. For the reasons discussed below, the action is remanded to the Criminal Court of the City of New York, Queens County.

## STANDARD OF REVIEW

To remove a criminal action to federal district court, a "defendant . . . shall file in the district court . . . for the district and division within which such prosecution is pending" a notice of removal. 28 U.S.C. § 1455(a). This Notice should be "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure" and contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." § 1455(a). If it appears on the face of a notice of removal that removal of a criminal case is impermissible, the district court must summarily remand the action to state court. § 1455(b)(4).

## DISCUSSION

Defendant removed his case to this Court pursuant to 28 U.S.C. § 1443 ("Section 1443").[3] Notice at 1. However, the ability to remove a criminal action to federal court is very limited. Criminal prosecutions commenced in state court may be removed if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1).

---

[2]     Defendant claims that the arrest in question occurred on October 21, 2022, *see* Notice at 1–2, while his Indictment states that he was arrested on October 19, 2022*, see* Indictment 2, ECF No. 1-2. The Court does not further address this factual dispute as it is immaterial to this Order.

[3]     Defendant removed this case generally "pursuant to 28 U.S.C. 1443." Notice at 1. Because Section 1443(2) generally applies only to criminal prosecutions of federal officers or entities, the Court only addresses Section 1443(1)'s requirements.

The burden of establishing federal jurisdiction is on the state-court defendant, and any doubts about jurisdiction should be resolved against removal. *Teamsters Loc. 404 Health Servs. & Ins. Plan v. King Pharms., Inc.*, 906 F.3d 260, 267 (2d Cir. 2018); *Torres v. New York*, No. 23-cv-09380, 2024 WL 22088, at *2 (S.D.N.Y. Jan. 2, 2024).[4] Defendant's Notice fails to meet this burden of establishing that removal of this action is proper.

Removal under Section 1443(1) requires a state-court criminal defendant to satisfy both parts of a two-pronged test: First, "it must appear that the right allegedly denied the removal petitioner [in state court] arises under a federal law providing for specific civil rights stated in terms of racial equality." *New York v. Best*, No. 23-cv-00026, 2023 WL 198736, at *1 (E.D.N.Y. Jan. 17, 2023) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)). Second, it must appear that the "defendant would be denied or cannot enforce the specified federal rights in the state court." *Mathieu v. Cazi*, No. 23-cv-08663, 2023 WL 7277246, at *2 (S.D.N.Y. Nov. 1, 2023) (quoting *Johnson*, 421 U.S. at 219).

In addressing these prongs, the removing party also must satisfy certain pleading requirements. To establish jurisdiction under Section 1443, it is insufficient for a defendant to simply claim that "prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination." *Johnson,* 421 U.S. at 219; *see, e.g.*, *Suffolk Cnty. Dep't. of Soc. Servs. v. Clarke*, 807 F. App'x. 133, 134 (2d Cir. 2020). Additionally, "[c]onclusory references to civil rights in a removal petition are woefully inadequate to support removal on the basis of section 1443." *Town of Newburgh, v. Newburgh Eom*

---

[4]     Throughout this Opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

*LLC,* No. 23-cv-04212, 2024 WL 262801, at *4 (S.D.N.Y. Jan. 23, 2024) (citing *Grohs v. Grohs*, No. 17-cv-01605, 2017 WL 4678182, at *3 (D. Conn. Oct. 17, 2017)).

Instead, the removal petition must contain sufficient facts to show that there was a denial of civil rights by the state court—specifically, race discrimination, *see New York v. Smith*, 952 F. Supp. 2d 426, 430 (E.D.N.Y. 2013) (citing *Chestnut v. New York*, 370 F.2d 1, 3–4 (2d Cir. 1966))—and a reference to a state law that "deprived the petitioner of equal protection." *Murray v. Hy Cite Corp/Royal Prestige*, 150 F. Supp. 2d 527, 530 (E.D.N.Y. 2001). Moreover, removal under Section 1443(1) normally requires that denial of the right be "manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case." *Best*, 2023 WL 198736, at *1; *see also Crown Asset Mgmt., LLC v. Cunningham*, No. 22-938, 2022 WL 17660543, at *1 (2d Cir. Dec. 14, 2022) (summary order); *cf. Johnson*, 421 U.S. at 219–20 (explaining that denial of a right "in the trial of a case" can justify removal in "unusual case[s]," where the movant can make an especially "firm prediction" that he will be unable to enforce his federal rights in state court).

Here, defendant alleges that his arrest was pretextual and that his state criminal proceedings are racially motivated. Specifically, defendant claims that he "was pulled over for tinted windows by New York City Police . . . for stolen cars and stolen license plates, which turned out to be pretextual" because the officers "had no tint meter." Notice at 1–2.[5] He further asserts that he "was pulled over in violation of [his] civil rights because [he] was a Black man driving an expensive car, by police looking for a reason to enslave a Black man, whom they could subject to slavery in the State's prison

---

[5]    Where necessary, page numbers for the plaintiff's filings refer to the page numbers assigned in ECF filing headers.

system . . . ." Notice at 2. Defendant also contends that he was prevented both from testifying before a grand jury and from freely filing motions in state court in violation of the Thirteenth Amendment, which forbids slavery and involuntary servitude. Notice at 3; U.S. Const. amend. XIII. In connection with these claims, defendant accuses the state court of "deliberately misconstru[ing]" his motions and ignoring his arguments to deprive him of due process. Notice at 3–4. The Court interprets these claims as assertions under Section 1443(1)'s second prong, requiring defendant to allege that he cannot enforce his federal civil rights in state court.

Defendant's allegations are entirely conclusory and cannot justify removal under Section 1443. Defendant does not allege any facts from which a court could find that his state court prosecution has violated any federal right to be free from discrimination based on race. Defendant repeatedly invites the Court to assume his prosecution is motivated by racial discrimination. But he does not link his perception of discrimination to any facts that the officers were motivated by race when they arrested him; that his prosecution was brought due to racial animus; or that his state court judge at any point engaged in racial discrimination. For example, defendant provides no detail as to how the state court "deliberately misconstrued" various claims in his motion to dismiss. *See* Notice at 3–4. Defendant does not make factual allegations to support that any embargo on his ability to file "more motions without leave of the criminal court" is a sign of him "being discriminated against because of [his] race" rather than a legitimate procedural measure. Notice at 3. Nor does defendant allege that he has actually sought and been denied leave to file any motions in state court.

Although defendant alleges that he has been treated unfairly in state court, mere allegation that "the prosecution is assertedly a sham, corrupt, or without evidentiary basis

does not, standing alone, satisfy the requirements of § 1443(1)." *Johnson*, 421 U.S. at 219. As such, defendant's allegations do not satisfy Section 1443(1)'s removal requirements, and the case must be remanded.

### CONCLUSION

Accordingly, the Notice is denied and this action is remanded to the Criminal Court of the City of New York, Queens County. § 1455(b)(4).

The Clerk of Court is directed to mail a copy of this Memorandum and Order to defendant and to note the mailing on the docket. The Clerk of Court is further respectfully directed to immediately send a certified copy of this Order to the Clerk of the Criminal Court of the City of New York, Queens County, note service on the docket, and close this case.

Although Plaintiff has paid the filing fee for this removal, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any *in forma pauperis* appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED**.

___/s/ Natasha C. Merle___
NATASHA C. MERLE
United States District Judge

Dated:      September 20, 2024
            Brooklyn, New York